**STATE IN RE JENKINS, Relator, v. LONG, et al., Respondents.**

Ohio Appeals, Second District, Montgomery County.

No. 1889.  Decided September 20, 1946.

I. C. Delscamp, Dayton, for Relator.

Herbert Beane, Dayton, for Civil Service Commission of Dayton.

Seymour D. Ramby, Dayton, for Paul Mayrer.

**OPINION**

By THE COURT:

This matter is submitted on a demurrer to the Answer on the ground that it does not state or constitute a defense to the Petition of the relator, wherein he seeks a writ of mandamus against F. O. Eichelberger, City Manager and Director of Public Safety of the City of Dayton, Ohio, and the members of the Civil Service Commission of the City of Dayton, Ohio, to require said commission to correct the Civil Service list of November 15, 1943 by expunging the name of Paul Mayrer from said list and that said commission be required to certify the name of the relator from the eligible list of November 15, 1943 to the appointing authority of the City of Dayton, Ohio, for the office of Lieutenant in the Division of Fire dating from October 16, 1945; and that the City Manager be ordered to demote the said Paul Mayrer to his rightful status as Fireman and to appoint the relator as Lieutenant in the Division of Fire in the place of Paul Mayrer as of said date.

This action was instituted January 16, 1946. The Answer alleges that the relator was appointed to the position of Lieutenant in the Division of Fire on December 2, 1945. The pleadings further show that Paul Mayrer was appointed Lieutenant in the Division of Fire a few months previous to the time of the appointment of the relator.

Is the relator entitled to a writ of mandamus? Mandamus is an extraordinary legal remedy and the Court will only grant such writ in those cases where relief cannot be otherwise obtained. Such writ is not issued as a matter of right. It is only issued where the circumstances of the case call for this action of the Court in the exercise of sound discretion. In 25 O. Jur. Sec. 17, page 989, it is stated:

"Mandamus is prospective merely; accordingly, where redress for the past privation of a right, as well as its restoration in future, is sought, a bill in equity, and not mandamus, is the proper remedy."

Without deciding whether the relator would be entitled to this extraordinary remedy had he instituted the action at the time the Civil Service Commission certified the name of Paul Mayrer as first on the eligible list for appointment as Lieutenant in the Division of Fire, the Court now is required to determine whether this relator is entitled to this extraordinary remedy in view of the fact that the relator was appointed to the office of Lieutenant in the Division of Fire approximately two months prior to the time this action was instituted and the appointment was made from the eligible list certified by the Civil Service Commission. This Court is required to determine whether the relator is entitled to the writ from the circumstances which existed not only at the time the action was instituted but in view of any facts and circumstances which may prevail at the time the writ is to be issued.

In State ex rel Stoer v Raschig, 141 Oh St 477, it was held:

"In exercising the extraordinary power of mandamus the Court should take into consideration the facts and conditions existing at the time it determines whether to issue a peremptory writ; if it should affirmatively appear that no wrong could possibly be remedied or no right could possibly be enforced or promoted, the writ will be refused."

In State ex rel Roshan v Auble, 130 Oh St 485, the entire opinion of the Court is as follows:

"This cause came on to be heard upon the motion of the relator for judgment on the pleadings, and was argued by counsel. On consideration whereof it is ordered and adjudged that the petition be dismissed at the cost of the respondents, it appearing from the pleadings and statement of counsel that the relator is entitled to the office, has been appointed to the office since this proceeding was instituted, is now in office, and the respondents are not contesting his incumbency."

In **State ex rel Webster v Burleman, 8 C. C. on page 482,** the Court say:

"The demurrer raises the question whether the facts stated in the petition warrant the remedy asked for. It is well known that the reason of a writ of mandamus is to require something to be done in the future; it is not primarily for the punishment of any particular past offense, but solely for the purpose of having done in the future some act which it is the duty of the officer to perform."

Again in **25 O. Jur. Sec. 41, page 1022,** the text is as follows:

"It is a fundamental principle of the law in mandamus that a writ will never be granted in cases where, if issued, it would prove unavailing. In other words the writ must be an efficacious remedy and not, in its operation, wholly abortive."

The respondents in their Answer plead laches, alleging that the relator failed to take any action from October 1943 until January 1946, during a substantial part of which time the name of Paul Mayrer appeared as first on the eligible list. The question whether laches has barred the claim of the relator always rests in the sound discretion of the Court. The relator must be diligent in applying for this extraordinary remedy. See **25 O. Jur. Sec. 239 page 1177;** State ex rel Stoer v Raschig, supra at page 488.

The Court is of the opinion that the defense alleges a set of facts and circumstances which construed favorably to the pleader would require the Court to deny the relator the remedy prayed for. For this reason the Court overrules the demurrer to the answer.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.